UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lennora Banks-Davis,                                Case No. 16-cv-2887 (MJD/FLN)

        Petitioner,
                                                    **ORDER AND REPORT**
v.                                                  **AND RECOMMENDATION**

United States of America,

        Respondent.

___

Lennora Banks-Davis, *pro se*, for Petitioner.
Ana Voss, Bahram Samie, and D. Gerald Wilhelm, Assistant United States Attorneys, for Respondent.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on Petitioner Lennora Banks-Davis' Complaint, initially brought under 42 U.S.C § 1983 (ECF No. 1), to request that the Court order the Bureau of Prisons ("BOP") to defer any further payments on her restitution obligation until her release from prison. On December 1, 2016, Banks-Davis moved to recharacterize her Complaint as a Petition pursuant to 28 U.S.C. § 2241 for writ of habeas corpus by a person in federal custody (ECF No. 8). The Court implicitly **GRANTED** her motion when it ordered the Government to respond to her habeas petition. Order, ECF No. 12. The Government filed its response on February 14, 2017, contending, *inter alia*, that Banks-Davis' Petition be denied for failure to exhaust administrative remedies. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Banks-Davis' Petition be **DENIED**.

### I. BACKGROUND

Banks-Davis is currently serving a 120-month term of imprisonment after being convicted of bank fraud, in violation of 18 U.S.C. § 1344, and unauthorized use of an access device, in

violation of 18 U.S.C. § 1029, in the United States District Court for the Eastern District of Virginia. Boldt Decl. ¶ 4, Ex. A, ECF No. 23. Banks-Davis' projected release date is July 15, 2021. *Id*.

## II. LEGAL ANALYSIS

Before seeking review in federal court, federal prisoners seeking a writ of habeas corpus under 28 U.S.C. § 2241 are required to exhaust administrative remedies available within the prison system. *See Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974) ("If grievance procedures provide an adequate means for impartial review, then a federal prisoner must exhaust available administrative remedies within the correctional system prior to seeking extraordinary relief in federal court."). The BOP has a multi-tiered administrative remedy program through which an inmate may seek "formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. §§ 542.10–.19. The regulations prescribe four steps that must be taken in order to satisfy the exhaustion requirement: (1) an inmate must first present her claim to an appropriate prison staff member by submitting a request for informal resolution; (2) if the claim is not resolved to the inmate's satisfaction, she must then present a formal written claim to the warden (Form BP-9); (3) if the prisoner is not satisfied with the warden's response, she must appeal to the Regional Director (Form BP-10); and (4) if the prisoner is still dissatisfied, she must take a final appeal to the General Counsel in the Central Office (Form BP-11). 28 C.F.R. §§ 542.10–.19. To fully exhaust her administrative remedies, a federal prisoner must complete each of these four steps. *Id.*

The only administrative remedy Banks-Davis has filed during her incarceration, was an appeal of an unauthorized possession of narcotics. ECF No. 23, Ex. B at 2. There is no record, nor does Banks-Davis contend, that she filed an administrative remedy to defer her restitution obligation. *See id.* It is well established that Banks-Davis must exhaust all available administrative remedies

2

before seeking extraordinary relief in a § 2241 habeas corpus petition. *See Elwood v. Jeters*, 386 F.3d 842, 844 n.1 (8th Cir. 2004); *U.S. v. Chappel*, 208 F.3d 1069, 1069–70 (8th Cir. 2000). Because Banks-Davis has failed to satisfy this exhaustion requirement, the Petition must be denied.

### III. ORDER

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Banks-Davis' motion to recharacterize her Complaint as a Petition pursuant to 28 U.S.C. § 2241 for writ of habeas corpus by a person in federal custody (ECF No. 8), is **GRANTED**.

### IV. RECOMMENDATION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Complaint recharacterized as a Petition for a writ of habeas corpus by a person in federal custody (ECF No. 1) be **DENIED**.

DATED: May 3, 2017                              *s/Franklin L. Noel*
                                                FRANKLIN L. NOEL
                                                United States Magistrate Judge

**NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

A party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 7 days after being served a copy of the Report and Recommendation. A party may respond to those objections within 7 days after being served a copy of the objections. All objections and responses must comply with the word or line limits set for in LR 72.2(c).